IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY | : | |
| OF ILLINOIS, ET AL. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-3877 |
| | : | |
| NIKOLAI GASIOROWSKI, ET AL. | : | |

**McHUGH, J.**                                                                                                     **July 7, 2021**
**MEMORANDUM**

      Safeco Insurance has brought this action seeking a declaration that it has no duty to defend or indemnify its insured in a personal injury case pending in state court in Pennsylvania. The underlying lawsuit arose out of a physical altercation between Nikolai Gasiorowski, the insured, and Ilan Avizohar, an individual recreationally using a PECO property that Gasiorowski was licensed to use. Avizohar alleges that, on April 28, 2018, Gasiorowski "menacingly approached" Avizohar as he led a horseback ride through the PECO property, pulled Avizohar off his horse, pinned him down, and struck him in the face. Gasiorowski was criminally charged and pled nolo contendere to simple assault, harassment, and false imprisonment.

      Safeco, the provider of Defendant Gasiorowski homeowner's insurance policy, now moves for summary judgment, arguing that a criminal acts exclusion operates to bar coverage for the underlying claim. I conclude that Gasiorowski's plea of nolo contendere does not definitively establish that his conduct violated criminal law. Further, because no criminal act can occur without criminal intent, and there is a genuine question of material fact as to whether Gasiorowski was privileged to use force because he acted in defense of property and in the face of an alleged threat, summary judgment is premature at this juncture.[1]

---

[1] The insurer has a duty to defend until there are no claims that could potentially fall under the policy's coverage. *See Frog, Switch, & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). This

1

**I. Legal Standard**

This motion is governed by the well-established test set forth in Federal Rule of Civil Procedure 56(a), as amplified by *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**II. Discussion**

   **A. Safeco's Policy**

Gasiorowski's homeowner's policy describes personal liability coverage as follows:

**LIABILITY LOSSES WE COVER**

**COVERAGE E — PERSONAL LIABILITY**

If a claim is made or a suit is brought against any insured for damages because of ***bodily injury*** or ***property damage*** caused by an ***occurrence*** to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the ***insured*** is legally liable; and
2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

Compl. Ex. B, at 14, ECF No. 1-5. The Safeco policy defines "occurrence" as an "an accident, including exposure to conditions which results in (1) bodily injury . . . during the policy period." *Id.* at 25.

The Safeco policy also contains a criminal acts exclusion:

**LIABILITY LOSSES WE DO NOT COVER**

1. **Coverage E — Personal Liability** and **Coverage F — Medical Payments to Others** do not apply to ***bodily injury*** or ***property damage***:

    . . . .

---

motion may be renewed if facts become apparent that the insured's actions satisfy the elements of the crime. *See IDS Prop. Cas. Ins. Co. v. Schonewolf*, 111 F. Supp. 3d 618, 630 (E.D. Pa. 2015).

> b. which results from violation of criminal law committed by, or with the knowledge or consent of any ***insured.***
>
> This exclusion applies whether or not any ***insured*** is charged or convicted of a violation of criminal law, or local or municipal ordinance.

*Id.* at 14–15.[2] Safeco agreed to defend Gasiorowski subject to a reservation of rights, which cites the criminal acts exclusions found in both the primary and umbrella policies. Compl. Ex. D, at 6, ECF No. 1-7; Compl. Ex. E, at 7, ECF No. 1-8.[3]

### B. Does Gasiorowski's conduct fall within the criminal act exclusion such that Safeco has no duty to defend or indemnify him?

An insurer has the duty to defend the insured whenever the underlying complaint may potentially fall within the insurance coverage. *Frog, Switch, & Mfg. Co.*, 193 F.3d at 746. To determine the insurer's obligation, the court examines both the factual allegations in the underlying complaint and the language of the insurance policy. *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 110 (3d Cir. 2015). The "factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured." *Frog, Switch, & Mfg. Co.,* 193 F.3d at 746. Finally, if the court finds that there is no duty to defend, then there is no duty to indemnify. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005).

Safeco contends that Gasiorowski's nolo contendere plea should be treated the same as a guilty plea, thereby triggering the criminal act exclusion in the insurance policy such that it has no

---

[2] Gasiorowski also has an umbrella policy with Safeco. The umbrella policy includes a similar criminal acts exclusion. *See* Compl. Ex. C, at 9, ECF No. 1-6.

[3] Gasiorowski claims that Safeco's motion must be denied because of a provision in the Safeco Umbrella Policy that excludes coverage for "bodily injury or property damage arising out of any act or damage which is expected or intended by any insured" with an exception for bodily injury that results from "a reasonable action by any insured in . . . protecting persons or property." Compl. Ex. C, at 18, ECF No. 1-6. Because I deny Safeco's summary judgment motion and do not yet find that the criminal act exclusion applies to Gasiorowski's conduct, I need not address the expected or intended damage clause.

duty to defend him in the underlying civil case. *See* Pl.'s Mem. Supp. Summ. J. 12, ECF No. 16-2.[4] Gasiorowski responds that a plea of nolo contendere may only be considered as equivalent to a guilty plea for the purposes of sentencing in the same criminal case, and beyond that, the plea has no legal effect. Def.'s Resp. Opp'n Pl.'s Mot. Summ. J. 5–6, ECF No. 17. First, I must determine whether Gasiorowski's nolo contendere plea conclusively establishes that his conduct was criminal. If it does not, then I must ascertain whether Gasiorowski's actions, as described in the underlying complaint, necessarily fall within the criminal acts exclusion, a separate basis for relieving Safeco of its duty to defend.

Gasiorowski's nolo contendere plea is inadmissible in this matter and cannot establish a violation of criminal law. At the summary judgment stage, the moving party must support its motion with evidence that would be capable of admission at trial. *See Bacon v. Avis Budget Group, Inc.*, 959 F.3d 590, 603 (3d Cir. 2020) (citing Fed. R. Civ. P. 56(c)(2)). Federal Rule of Evidence 410 provides that a nolo contendere plea is not admissible in a subsequent civil or criminal case against the defendant who made the plea. *See Allstate Ins. Co. v. Marinucci*, No. 94-20486, 1995 WL 271367, at *3 (N.D. Cal. May 3, 1995) (holding that a defendant's plea of nolo contendere to a felony assault charge was inadmissible in a subsequent civil action concerning an insurer's duty to defend). Substantively, under Pennsylvania law, a defendant that pleads nolo contendere does not admit guilt or having committed the alleged acts. *Commonwealth v. Moser*, 999 A.2d 602, 605 (Pa. Super. Ct. 2010). Pennsylvania courts have

---

[4] Although Plaintiffs rely upon decisions where courts have found similar criminal acts exclusions to bar insurance coverage, those matters involved guilty pleas or criminal convictions. The present case is distinguishable, as it involves a nolo contendere plea. *See First Liberty Ins. Corp. v. MM*, 745 Fed. Appx. 195 (3d Cir. 2018); *Allstate Ins. Co. v. Williams*, No. 13-3048, 2014 WL 4682022 (E.D. Pa. Sept. 22, 2014); *Allstate Ins. Co. v. Wells*, No. 08-05294, 2009 WL 2137236 (E.D. Pa. July 15, 2009); *Allstate Ins. Co. v. Ervin*, No. 05-02800, 2006 WL 2372237 (E.D. Pa. Aug. 14, 2006).

held that a plea of nolo contendere cannot be "used against the defendant as an admission in any civil suit for the same act." *Com. v. Ferguson*, 44 Pa. Super. 626, 628 (1910).

Safeco selectively quotes language from *United States v. Poellnitz,* 372 F.3d 562, 566 (3d Cir. 2014) seeking to elevate the significance of the *nolo* plea. In fact, *Poellnitz* squarely refutes Safeco's position. As observed by the Court of Appeals, "[a] review of the applicable statutes and case law reveals that in Pennsylvania a nolo plea does not constitute an admission of factual guilt, and thus has no evidentiary value in assessing whether the defendant has committed a crime." *Id* at 567. Therefore, Gasiorowski's plea cannot serve as a basis upon which to grant summary judgment.

That does not end the inquiry because, under the language of the policy, a conviction is not required to trigger the exclusion. The question remains whether Gasiorowski's acts, as described in the underlying complaint, definitively constituted criminal conduct under Pennsylvania law. In Pennsylvania, self-defense is justifiable "to prevent or terminate an unlawful entry or other trespass upon land … if such land … is, or is believed by the actor to be, in his possession or in the possession of another person for whose protection he acts." 18 Pa.C.S.A. § 507(a)(1). An individual "who has a license to use or occupy real property is deemed to be in possession thereof except against the licensor acting under claim of right." 18 Pa.C.S.A. § 507(b)(3). The licensee's right to terminate a trespass is limited to "reasonable, non-lethal force." *Com. v. Young*, 412 A.2d 159, 162 (Pa. Super. Ct. 1979). Defense of property, therefore, may negate criminal intent for all three of Gasiorowski's charges, and as a result, the criminal act exclusion would not apply.

Because simple assault, harassment, and false imprisonment cannot occur without criminal intent, and because there are questions of fact as to whether Gasiorowski's use of force was reasonable to protect property, Safeco is not entitled to summary judgment. In his response to the

motion, Defendant asserts a history of trespassing on the property by the plaintiff in the underlying case and further alleges that he reacted in response to a perceived threat.[5] *See* Def.'s Resp. Opp'n Pl.'s Mot. Summ. J. 2. Additionally, the underlying complaint pleads that Gasiorowski was party to a licensing agreement that contractually required him to "protect the Premises from any and all trespassers." Compl. Ex. A, ¶ 32. That agreement further provides that "[l]icensee agrees to protect the Premises from any and all trespassers and adequately to notify and warn the public that the Premises is private property and that all trespassing is prohibited." *Id.* at 20. Aviozhar was attacked by Gasiorowski "upon entering the PECO properties, and before entering the area of the parcel which shared a common property line with the Gasiorowski properties." *Id.* ¶ 52. Following the attack, Gasiorowski called the local police to report Avizohar as a trespasser. *Id.* ¶ 59. These allegations, when construed liberally in favor of the insured, raise a factual issue as to whether Gasiorowski subjectively believed he acted in defense of property. The broader issue of whether his use of force was reasonable cannot be resolved at this stage.

In adopting this conclusion, I am guided by the analysis I set forth in *IDS Property Cas. Ins. Co. v. Schonewolf*, 111 F. Supp. 3d 618, 628 (E.D. Pa. 2015). There, two insurers brought actions seeking a declaration that they had no duty to defend or indemnify their insureds in an underlying lawsuit arising out of an alcohol-fueled assault in a concert parking lot. *Id.* at 621. The second insured's policy included exclusions for intentional and criminal conduct. *Id.* at 628. I held that it could not be determined with certainty that the insured's conduct was intentional given

---

[5] It would have been preferable for Gasiorowski to file an affidavit in opposition to the pending motion. But he has clearly identified factual issues. Moreover, "even if the opposing party fails to file contravening affidavits or other evidence, summary judgment must still be 'appropriate' and will be denied where the movant's own papers demonstrate the existence of material factual issues." *Drexel v. Union Prescription Centers, Inc*., 582 F.2d 781, 790 (3d Cir. 1978) (citing *Adickes v. S H. Kress & Co*., 398 U.S. 144, 159–61 (1970)). And, as discussed above, the underlying complaint itself raises the question of whether Gasiorowski was acting in defense of property.

his profound level of intoxication. *Id*. Further, I declined to determine whether the insured's act was criminal solely based on the underlying complaint., *id*. at 629, because "[s]uch inquiry would require a determination of [the insured's] *mens rea* which cannot be accomplished on the pleadings." *Id*. at 629. Without any criminal charges or convictions before the court, I declined to "essentially convict[] [the insured] of simple assault, a crime that involves a determination of *mens rea*, that should ordinarily be determined on the basis of a developed factual record." *Id*. Applying that same reasoning here, on the record at this stage, it cannot be said that Gasiorowski's conduct, as described in the underlying complaint, indisputably constitutes a criminal act and falls outside of the coverage, as his conduct could be justified as defense of property. Accordingly, summary judgment must be denied.

 An appropriate order follows.

 /s/ Gerald Austin McHugh
 United States District Judge